UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QURESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

December 4, 2023

LETTER TO COUNSEL

RE: *Willis F. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. AAQ-23-00318

Dear Counsel:

On February 5, 2023, Plaintiff petitioned this Court to review the Social Security Administration ("SSA")'s final decision to deny his claim for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. ECF No. 1. I have considered the parties' briefs, ECF Nos. 13, 17, and find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, for the reasons discussed below, I will remand this case for further consideration in accordance with my analysis and conclusions.

I. **The History of this Case**

   a. **Procedural History**

Plaintiff filed his claim for Title II disability insurance benefits and Title XVI supplemental security income on January 14, 2020, alleging a disability onset date of March 28, 2019. ECF No. 10-3, at 16. The SSA denied Plaintiff's claim initially and upon reconsideration. *Id.* Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"), which was held telephonically on January 11, 2022. *Id.* On April 1, 2022, the ALJ issued his decision, finding that Plaintiff did not have a disability as defined by the Social Security Act during the relevant time period. *Id.* at 13, 17. On October 25, 2022, the Appeals Council denied Plaintiff's request for review of the ALJ's decision.[1] *Id.* at 6. Thus, the ALJ's decision reflects the final, reviewable decision of the SSA. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

   b. **The ALJ's Decision**

---

[1] Although claimants generally must file a civil action within sixty days after receiving the Appeals Council's denial of their request for review, 20 C.F.R. § 422.210(c), the Appeals Council granted Plaintiff an extension of time to file, ECF No. 10-3, at 1; *see* 20 C.F.R. § 422.210(c) (authorizing the Appeals Council to extend a claimant's time to institute a civil action "upon a showing of good cause").

The ALJ determined that Plaintiff suffered from the severe impairments of "disorders of the lumbar and cervical spine, lumbar radiculopathy, coronary artery disease (CAD), cardiomyopathy, obesity (SSR 19-2p), and carpal tunnel syndrome." ECF No. 10-3, at 19. Because the ALJ found that none of Plaintiff's impairments, alone or in combination, met one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, ECF No. 10-3, at 19, he assessed Plaintiff's residual functional capacity ("RFC") and concluded that Plaintiff retained the ability to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), subject to the following limitations:

> [Plaintiff] has to avoid crawling and climbing ladders, ropes, and scaffolds, but he can perform other postural movements on an occasional basis. [Plaintiff] has to avoid fast-paced tasks, such as assembly line jobs involving production quotas. [Plaintiff] is limited to frequent fingering, grasping, handling and reaching. [Plaintiff] has to avoid working around hazards such as moving dangerous machinery and unprotected heights.

ECF No. 10-3, at 21.

In making this determination, the ALJ followed the two-step process set forth in 20 C.F.R. §§ 404.1529 and 416.929 and SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). ECF No. 10-3, at 21. The ALJ first found that Plaintiff had shown evidence of "medically determinable impairments [that] could reasonably be expected to cause [his] alleged symptoms." *Id.* at 22. At the second step, however, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* Citing Plaintiff's medical records — which included MRI and X-ray results; physical examination findings and test results; notes from emergency room, physical therapy, pain management, and other medical visits and appointments; and records related to surgical treatment Plaintiff received for his carpal tunnel syndrome, *see id.* at 22–24 — the ALJ determined that the "medical evidence generally does not support the extent of [Plaintiff]'s alleged loss of functioning," *id.* at 22. Additionally, despite acknowledging "some limitations" in Plaintiff's ability to perform his activities of daily living, the ALJ cited Plaintiff's ability to drive and "pick up his three minor children and cook for them when they stay at his house over the weekend a few times a month" as further evidence of his ability to "perform work within the above parameters on a regular and continuing basis." *Id.* at 24. Finally, the ALJ considered the opinions of the State agency medical consultant and a medical expert "who is board certified in orthopedic surgery and trained in sports medicine and hand surgery," *id.* at 25, as well as a statement from Plaintiff's treating physician limiting Plaintiff to light duty for one month, *id.* at 26.

Based on his RFC assessment, the ALJ concluded that Plaintiff was not able to perform past relevant work as a forklift operator, picker, janitor, fire-extinguisher-sprinkler inspector, or security guard. *Id.* However, based on the testimony of a vocational expert, the ALJ found that Plaintiff could perform other jobs, such as order clerk, telephone information clerk, and

*Willis F. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. AAQ-23-00318
December 4, 2023
Page 3

surveillance system monitor, that exist in significant numbers in the national economy. *Id.* at 28. Therefore, the ALJ concluded that Plaintiff was not disabled and denied his claim for disability benefits. *See id.* at 28–29.

## II.     Plaintiff's Arguments on Appeal

On appeal, Plaintiff raises three arguments: 1) the ALJ failed to properly perform a function-by-function assessment of Plaintiff's ability to work and thus erroneously assessed Plaintiff's RFC, ECF No. 13, at 5; 2) the ALJ erroneously evaluated Plaintiff's subjective complaints of pain, *id.* at 12; and 3) the ALJ failed to properly develop the administrative record, *id.* at 18.  This opinion will focus on Plaintiff's second argument, which the Court finds persuasive.

In assessing a claimant's subjective complaints of pain or other symptoms, ALJs must follow the two-step process prescribed by 20 C.F.R. §§ 404.1529 and 416.929 and described in SSR 16-3p, 2016 WL 1119029.  *See, e.g.*, *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020); *Craig*, 76 F.3d at 594–95.  Under this process, the ALJ must first determine whether there is objective medical evidence of a "'medically determinable impairment' that could reasonably be expected to produce the claimant's alleged symptoms." *Arakas*, 983 F.3d at 95 (quoting 20 C.F.R. § 404.1529(b); SSR 16-3p, 2016 WL 1119029, at *3).  If there is evidence of such a medically determinable impairment, the ALJ must then "assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled." *Id.* (citing 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 WL 1119029, at *4).  Objective evidence of the claimant's alleged symptoms or their intensity is not required at the second step; instead, the claimant may rely entirely on subjective evidence. *See id.*; *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 360 (4th Cir. 2023) ("The Fourth Circuit has long held that 'while there must be objective medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity.'" (quoting *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989))).  While the ALJ is not required to accept the claimant's subjective evidence to the extent it is inconsistent with other evidence in the record, the ALJ must consider all of the available evidence and cannot discredit the plaintiff's subjective evidence simply because it is not confirmed by objective medical evidence. *See Craig*, 76 F.3d at 595 (citing 20 C.F.R. §§ 404.1529(c)(2)–(3), 416.929(c)(2)–(3)).

The ALJ erred in his assessment at the second step of this process, where he concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent" with the "objective evidence, his course of treatment, and his activities of daily living." ECF No. 10-3, at 22.  Specifically, the ALJ erred by failing to "build an accurate and logical bridge" between the evidence and his conclusion, *Stoker v. Saul*, 833 F. App'x 383, 386 (4th Cir. 2020) (per curiam) (quoting *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 269 (4th Cir. 2017)), and by relying on selective evidence regarding Plaintiff's activities of daily living.

First, the ALJ erred by failing to "build an accurate and logical bridge from the evidence to [his] conclusion" that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his pain were inconsistent with other evidence in the record. *E.g.*, *Martina F. v. Saul*,

No. GLS 20-01724, 2021 WL 2877425, at *3 (D. Md. July 8, 2021) (citing *Stoker*, 833 F. App'x at 386, "for the proposition that when objective evidence fails to support a claimant's statements, an ALJ must base his or her finding on the credibility of a claimant's statements on the entire case record and build an accurate logical bridge between the evidence and the ALJ's conclusion"). The ALJ stated that the objective medical evidence did not support Plaintiff's alleged loss of functioning and then went on to discuss some of this evidence, noting Plaintiff's normal physical and psychiatric examination findings, intact gait, good strength, and improvement in some of Plaintiff's symptoms. *See* ECF No. 10-3, at 22–24. Yet the ALJ never explained how these findings either undermine or are entitled to more weight than Plaintiff's continued reports of pain. *See id.* at 22, 24; *Towanna G. v. Kijakazi*, No. 21-1711-BAH, 2022 WL 4017417, at *4 (D. Md. Sept. 2, 2022) (finding that the ALJ erred by "fail[ing] to adequately explain how or why other evidence in the record [was] more credible" than the plaintiff's testimony); *cf., e.g.*, *Allen v. Saul*, No. 3:19-CV-00471-MOC, 2020 WL 4938441, at *6 (W.D.N.C. Aug. 24, 2020) (explaining that "some level of improvement" does not "necessarily mean that [a claimant] is no longer impaired under the [Social Security] Act"). Without any bridge connecting the evidence to the ALJ's conclusion, the Court is unable to "meaningful[ly] review" the ALJ's decision. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019); *see Michelle P. v. Saul*, No. TMD 19-3499, 2021 WL 119076, at *5 (D. Md. Jan. 12, 2021) (explaining that an ALJ's failure to build an accurate and logical bridge between the evidence and his conclusion "constitutes reversible error" (citing *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017))).

The Commissioner disputes this point, but supports his argument by citing the same listing of evidence discussed above, as opposed to any explanation or analysis of why this evidence was more persuasive than Plaintiff's testimony. *See* ECF No. 17, at 14 (relying on the ALJ's citation of evidence showing that Plaintiff was observed to have normal strength, intact gait, and "essentially mild to nor [sic] more than moderate" MRI results). Perhaps recognizing this deficiency, the Commissioner argues that faulting the ALJ for failing to include such an analysis is "based on an overly literal reading of the ALJ's decision and belies the substance of the decision." *Id.* As the Fourth Circuit recently explained, the Court cannot simply read in a logical bridge where none exists. Where "following a recitation of facts, the ALJ baldly state[s] that 'the claimant's subjective complaints and alleged limitations [are] not persuasive,'" remand is appropriate. *Oakes v. Kijakazi*, 70 F.4th 207, 215 (4th Cir. 2023). This is because "benefits can be awarded on the sole basis of an objective impairment and derivative subjective pain, regardless of whether a physician properly supported their opinion." *Id.* at 215–16; *see also id.* at 216 ("[Claimant] can qualify for benefits if he is in sufficient pain. The ALJ failed to meaningfully address this theory of qualification such that this Court may engage in judicial review.").

Second, the ALJ improperly relied on selective evidence regarding Plaintiff's activities of daily living. In finding Plaintiff's allegations regarding the limiting effects of his pain inconsistent with the evidence regarding his activities of daily living, the ALJ noted that Plaintiff drives to doctors' appointments and to pick up his three minor children, for whom he cooks when they stay at his house a few weekends each month. ECF No. 10-3, at 22, 24. However, an ALJ "may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them," *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (citing *Brown*, 873

F.3d at 263) — yet the ALJ did just that. Specifically, the ALJ failed to mention that the drive to pick up Plaintiff's children takes at most fifteen minutes, that Plaintiff has trouble driving because he is unable to sit for a long time, and that, depending on his pain, he is sometimes unable to drive by himself. ECF No. 10-3, at 45; ECF No. 10-7, at 233. While the ALJ acknowledged that Plaintiff has "some limitations" in performing his daily activities, ECF No. 10-3, at 24, he still did not explain how Plaintiff's limited ability to drive and cook for his children is indicative of his ability to sustain full-time work, especially in light of Plaintiff's reported difficulties performing personal care and household chores, ECF No. 10-7, at 231–32, and his statement that some days he "can't do anything because of the pain," *id.* at 232 — none of which the ALJ mentioned. The ALJ's selective citation of the evidence regarding Plaintiff's daily activities, along with his failure to explain how the evidence he did cite was inconsistent with Plaintiff's statements regarding the limiting effects of his pain, constitutes error. *See, e.g.*, *Hines v. Barnhart*, 453 F.3d 559, 565–66 (4th Cir. 2006) (finding that the ALJ erred by "selectively cit[ing]" evidence regarding the plaintiff's daily activities); *Coreen T. v. Kijakazi*, No. CBD-19-3372, 2022 WL 252961, at *7 (D. Md. Jan. 26, 2022) ("[T]he ability to engage in some light activity does not necessarily translate into the ability to do substantial gainful activity."); *Debra Ellen L. v. Saul*, No. TMD 18-3708, 2020 WL 1529004, at *5 (D. Md. Mar. 31, 2020) (finding that the ALJ, in concluding that the record did not support the plaintiff's alleged loss of functioning, improperly cited the plaintiff's daily activities without "acknowledg[ing] the limited extent of those activities as described by [the plaintiff] or explain[ing] how those activities showed that [she] could sustain a full-time job" (fourth alteration in original) (quoting *Brown*, 873 F.3d at 269)).

The Commissioner argues that an ALJ need not cite every piece of evidence in the record, and that a claimant's pattern of daily activities may support a finding that the claimant is not disabled, *see* ECF No. 17, at 13, 17; however, the cases the Commissioner cites in support of these propositions are distinguishable from the case at bar. To start, although the Commissioner cites *Walker v. Saul*, No. 2:20-cv-00196, 2021 WL 342570 (S.D. W. Va. Jan. 6, 2021), for the proposition that "there is a stark difference between an ALJ not explicitly mentioning every scintilla of evidence . . . [and] an ALJ selectively citing certain pieces of evidence," ECF No. 17, at 17 (alteration in original) (quoting *Walker*, 2021 WL 342570, at *9), the *Walker* court stated that an ALJ is nonetheless obligated to "reconcile material conflicting evidence," *Walker*, 2021 WL 342570, at *9; *cf. Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (finding no error where the plaintiff did not identify any material evidence not addressed by the ALJ); *Funderburk v. Saul*, No. 3:20-CV-00334-FDW, 2021 WL 1721871, at *4 (W.D.N.C. Apr. 30, 2021) (same), which, as discussed above, the ALJ here did not do. Moreover, while the *Walker* court acknowledged that the ALJ, in finding that the plaintiff was not disabled, "did not explicitly mention each of [the plaintiff's] qualifying statements" regarding his daily activities, the court found that these omissions were not selective or misrepresentative because the ALJ "was persuaded, in great part," by the fact that the plaintiff, at the time of his administrative hearing, had maintained twenty-five to thirty hours per week of gainful employment for the past nineteen months, *Walker*, 2021 WL 342570, at *9 — unlike Plaintiff here, who, at the time of his hearing, had not engaged in substantial gainful activity for over two years, *see* ECF No. 10-3, at 16, 19. The Commissioner's reliance on *Gross v. Heckler*, 785 F.2d 1163 (4th Cir. 1986) (per curiam), as support for the ALJ's analysis with respect to Plaintiff's activities of daily living, *see* ECF No. 17,

at 13, is similarly misplaced.  While the ALJ here cited only Plaintiff's limited ability to drive and cook for his children in concluding that Plaintiff was not disabled, ECF No. 10-3, at 24, the *Gross* plaintiff's daily activities included cooking, washing dishes, "generally tak[ing] care of a house," going grocery shopping, taking care of his personal needs, "walk[ing] to town every morning and clean[ing] up the local poolroom for about an hour," and then "drink[ing] or socializ[ing] with the patrons of the pool hall," *Gross*, 785 F.2d at 1166.  Thus, the Commissioner has not persuaded the Court that the ALJ's analysis was not erroneously selective or misrepresentative.

Because the Court remands this case on other grounds, the Court need not address Plaintiff's arguments regarding the ALJ's RFC assessment or development of the administrative record.  Regardless, the ALJ should address these remaining issues on remand.  *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues.").

### III.   Conclusion

For the reasons set forth herein, and pursuant to sentence four of 42 U.S.C. § 405(g), this case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it is an Order of the Court and should be treated accordingly.

So ordered.

Sincerely,

/s/
Ajmel A. Quereshi
United States Magistrate Judge